UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**REBECCA ROE**                                      **CASE NO. 3:23-CV-01279**

**VERSUS**                                           **JUDGE TERRY A. DOUGHTY**

**JOHNATHAN RANDALL LOWERY,**         **MAG. JUDGE KAYLA D. MCCLUSKY**
**ET AL.**

**REPORT & RECOMMENDATION**

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. #24], filed by Plaintiff Rebecca Roe. The motion is opposed. [doc. #28]. For reasons assigned below, it is recommended that the motion to remand [doc. #24] be DENIED, subject to Defendant Movement Mortgage, LLC's amendment of the notice of removal to properly allege diversity of citizenship within the fourteen (14) days to file objections to this Report and Recommendation. Should Movement Mortgage, LLC fail to do so, then it is recommended in the alternative that the motion to remand be granted for failure to properly allege diversity of citizenship and thus establish this Court's subject matter jurisdiction.

**Background**

Rebecca Roe ("Roe") filed the instant petition for declaratory judgment and damages ("the Petition") against Randy Lowery ("Lowery") and Movement Mortgage, LLC ("Movement") on August 9, 2023, in the Third Judicial District, Lincoln Parish, Louisiana. Petition [doc. #1-1]. Roe brings claims for battery; sexual assault in the workplace; negligent hiring, retention, and supervision; hostile work environment; and loss of consortium in relation to Lowery's alleged sexual misconduct. *Id.* She brings these claims both on her own behalf and

on behalf of her minor children, ABC and DEF. *Id.* at p. 2. With regards to the damages sought on behalf of ABC and DEF, Roe stipulates that she seeks to recover no more than $74,500 for each child. *Id.* at p. 29.

Roe, ABC, and DEF are domiciled in Louisiana. *Id.* at p. 2. Lowery is domiciled in Alabama. *Id.* at pp. 2-3. Movement is a limited liability company organized under the laws of Delaware with a principal place of business in South Carolina. *Id.* at p. 3; Notice of Removal [doc. #1, p. 2].

Movement filed a notice of removal ("the Notice") in this court on September 13, 2023. Notice of Removal [doc. #1]. In the Notice, Movement alleges that there is complete diversity between the parties and that the relevant amount in controversy exceeds $75,000. *Id.* at p. 2.

Roe filed a motion to remand on October 13, 2023. M/Remand [doc. #24]. Therein, Roe avers that the removal is defective on various grounds. She argues that Lowery failed to join in or consent to the Notice and Movement insufficiently pleaded the citizenship of its members. Memorandum in Support of M/Remand [doc. #24-1, pp. 11-14]. She also asserts that Movement has failed to establish that the amount in controversy for each individual claimant exceeds $75,000. *Id.* at pp. 14-19. Finally, Roe contends that Movement's pleadings do not support this court exercising federal question or supplemental jurisdiction over the instant matter. *Id.* at pp. 19-20.

Movement filed its opposition to the motion on November 3, 2023. Opposition to M/Remand [doc. #28]. A week later, on November 10, 2023, Roe filed a reply to the opposition. Reply to Opposition to M/Remand [doc. #29].

Briefing is complete. Accordingly, the matter is ripe.

## Analysis

### I. Legal Standard

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statute is to be construed "strictly against removal and for remand." *Hicks v. Martinrea Automotive Structures, Inc.*, 12 F.4th 511, 514-15 (5th Cir. 2021).

### II. Rule of Unanimity and Removal Jurisdiction

"The rule of unanimity requires that all defendants to an action either sign the original petition for removal *or* timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988)). Failure to do so, renders the removal defective. *Getty Oil*, 841 F.2d at 1263. The rule of unanimity was codified with the passage of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"): "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Here, no one contests that removal was predicated on any basis other than § 1441(a).

*See, e.g.,* Notice, Preamble [doc. # 1]. Therefore, all properly joined and *served* defendants were required to timely join in or consent to removal. By its terms, however, "§ 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served." *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).

Roe contends that she properly joined and served Defendant, Lowery, but he failed to join in or consent to removal, thereby necessitating remand. Movement does not contest Roe's assertion that Lowery did not join in or consent to removal. Instead, it maintains that Lowery's joinder or consent was not required because he was not properly served. The court agrees.

On October 10, 2023, Roe filed an affidavit of service in which James R. Bullman submits that he "sent Lowery, through Federal Express[,] a certified copy of the citation and [Petition]." Affidavit of Service [doc. #23, p. 2]. Bullman further declares that Lowery was served with the citation and Petition on August 21, 2023. *Id.* Attached to Bullman's affidavit is an exhibit containing a proof-of-delivery receipt indicating "A.ALLAN" signed for the delivery on August 21, 2023. Proof-of-Delivery [doc. #23-1, p. 1].

Louisiana Revised Statute 13:3204(A) provides the requirements for service of process:

> In a suit under R.S. 13:3201, a certified copy of the citation …. shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, **or actually delivered to the defendant by commercial courier,** when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

[emphasis added]. Thus, Louisiana's long-arm service provisions allow for service by "commercial courier," such as Federal Express, when the person to be served is located outside of the State, but require that the defendant actually receive the citation and petition. *See Major v. Patriot Disaster Services, LLC,* Civil Action 15-866, 2017 WL 457656, at * 2 (M.D. La. Feb. 2,

4

2017) ("In order to satisfy the plain language of the Louisiana Long Arm Statute, the Plaintiff [ ] must send the citation by registered or certified mail o**r actually deliver the citation by commercial courier.**").

On its face, the exhibit shows that service was deficient. The delivery was made to "A.ALLAN," not to Lowery, and there is no evidence that Lowery actually received delivery of the petition and citation in this matter. The join-or-consent requirement of § 1446(b) does not apply to him. Therefore, removal was not procedurally defective under § 1446(b).

### III.    Subject Matter Jurisdiction

In the opening paragraph of the Notice, Movement cited four federal statutes: 28 U.S.C. §§ 1331, 1367, 1441, and 1446. (Notice). The first two statutes address federal question and supplemental jurisdiction, respectively. Indeed, 28 U.S.C. § 1331 confers the district courts with original jurisdiction to hear all civil actions arising under the Constitution, laws, or treaties of the United States. In her motion to remand, however, Roe argues that she did not assert any claims under federal law. Movement apparently concedes as much because it did not respond to Roe's argument.

Nevertheless, in the body of the Notice, Movement unequivocally asserted that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice, ¶¶ 8-9; *see also* Civil Cover Sheet). Accordingly, it is apparent that Movement's initial citation to 28 U.S.C. § 1331 was a clerical error. Regardless, the court agrees with Roe that Movement has not demonstrated that the court enjoys original jurisdiction under 28 U.S.C. § 1331.

Rather, as stated above, Movement invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between all plaintiffs and all defendants, 28 U.S.C. § 1332(a); *Farrell Const. Co. v.*

*Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Roe contends that Movement has failed to establish both of the foregoing components for the exercise of diversity jurisdiction. The court will address these issues, in turn.

a) Amount in Controversy

Citing decisions that go back to at least the 1950s, Roe emphasizes that when a parent sues both on her own behalf and on behalf of her minor child, the claim of the parent and the claim of the child *each* must satisfy the amount in controversy requirement for the exercise of diversity jurisdiction. *See Payne v. State Farm Mut. Auto. Inc. Co.*, 266 F.2d 63, 65 (5th Cir. 1959); *Loftin v. Hughes*, No. 14-1608, 2014 WL 3893313, at *2 (E.D. La. Aug. 7, 2014).

Here, Roe stipulated in her Petition that "any and all damages she seeks to recover from Defendants" on behalf of ABC and DEF "is an amount less than $74,500" for each minor child. (Petition [doc. #1-1, p. 29]; *see also* Roe Declaration [doc. #1-1, pp. 34-35]).[1] In other words, Roe has stipulated that the claims of her minor children are for an amount in controversy below the threshold required for federal courts to exercise diversity jurisdiction. As these claims do not surpass that threshold, she concludes that this court cannot exercise *original* diversity jurisdiction over the claims brought on behalf of ABC and DEF.

The court agrees with Roe that, to exercise original jurisdiction *under 28 U.S.C. § 1332* as to ABC and DEF, each of their claims would have to satisfy the amount in controversy requirement. Moreover, Roe's stipulation and declaration entered on ABC and DEF's behalf, if given effect, would tend to defeat their recovery of sums in excess of the jurisdictional minimum,

---

[1] While Louisiana law generally prohibits plaintiffs from pleading a specific amount in controversy, such a pleading may be made where necessary to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." LA. CODE CIV. PROC. art. 893(A)(1).

as required to establish original jurisdiction in their own right.

However, since the 1990s, district courts in the Fifth Circuit have exercised supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over loss of consortium claims asserted by relatives in the same suit as the primary tort victim, so long as the amount in controversy is satisfied as to the primary tort victim (or at least as to one of the plaintiffs, individually). *See Thomas v. Poole*, Civ. Action No. 98-2861, 2000 WL 158456, at *3 (E.D. La. Feb. 10, 2000) (collecting cases); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 972 (M.D. La. 1995) (exercising supplemental jurisdiction over principal plaintiff's husband's claim where his claim did not exceed the jurisdictional minimum).

More importantly, in 2005, the Supreme Court held that,

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549; 125 S.Ct. 2611, 2615 (2005).[2]

In other words,

> where at least one named plaintiff satisfies the amount in controversy requirement, the additional plaintiffs' claims are part of the same case or controversy as those of the plaintiff who alleges a sufficient amount in controversy, and the other elements of diversity jurisdiction are present, the court may exercise 28 U.S.C. § 1367(a) supplemental jurisdiction over the additional plaintiffs' claims even though their claims do not meet the amount in controversy requirement.

---

[2] In the consolidated case before the court in *Allapattah*, the Supreme Court reversed the First Circuit's decision declining to extend supplemental jurisdiction to the claims of family members where the child's claim exceeded the amount in controversy requirement. *Exxon Mobil Corp., supra*.

7

*Johnson v. Sentry Select Ins. Co.*, Civ. Action No. 17-1626, 2018 WL 4512190, at *8 (M.D. La. July 6, 2018) (citations omitted).

Here, Roe did not stipulate that her own claim was below the jurisdictional minimum. Moreover, upon review of her Petition, the court readily finds that from the alleged injury sustained and the categories of damages claimed, Roe's claim, alone, exceeds $75,000. *See* Petition.[3] Therefore, so long as there is complete diversity of citizenship between the parties (*see* discussion, *infra*), the court may exercise supplemental jurisdiction, 28 U.S.C. § 1367, over the claims of ABC and DEF, assuming they are so related that they form part of the same Article III case or controversy.[4] It is manifest that the claims are so related.[5]

---

[3] Movement provided cases with analogous claims where damages awards ranged from $150,000 to over $1 million. *See Boyd v. Dill*, Civ. Action No. 09-0021, 2011 WL 1304725, at *4 (W.D. La. Apr. 1, 2011) (plaintiff awarded $150,000 in general damages for "physical and emotional pain and suffering, emotional distress, and humiliation" resulting from a nonconsensual sexual encounter); *Veazey v. Elmwood Plantation Assocs. Ltd.*, 650 So.2d 712 (La. 1994) ($150,000.00 award of general damages for woman raped by intruder); *Louiviere v. Louiviere*, 839 So.2d 57 (La. App. 1st Cir. June 5, 2002) ($1,148,035.50 in damages for physical pain and suffering; mental pain and suffering, embarrassment, and humiliation; loss of wages; medical expenses; and loss of enjoyment of life for woman raped by deputy sheriff).

[4] There is no indication that the claims asserted by Roe on behalf of ABC and DEF fall under any of the exceptions set forth in § 1367(b). *See Thibodeaux v. GEICO Advantage Ins. Co.*, Civ. Action No. 16-158, 2016 WL 4055660, at *6 (M.D. La. July 8, 2016), *R&R adopted,* 2016 WL 4033981 (M.D. La. July 26, 2016) (claims asserted on behalf of minor child do not fall under any of § 1367(b)'s exceptions).

[5] Federal courts may exercise supplemental jurisdiction under § 1367(a) if the supplemental claims share "a common nucleus of operative fact" with claims subject to original jurisdiction. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). According to the Petition, Roe seeks to recover damages on behalf of ABC and DEF stemming from their loss of love, affection, society, support, services and consortium of their mother, Roe, which proximately was caused by the delictual conduct of Defendants. *See* Petition, ¶ 168. In short, the minors' claims inarguably derive from the same nucleus of facts as the claims brought by Roe on her own behalf, such that they form part of the same case or controversy. *See Thibodeaux, supra*; *Thomas, supra*; *Johnson, supra*

Accordingly, the court may exercise supplemental jurisdiction over the claims brought on behalf of ABC and DEF if Movement establishes that the citizenship of the parties is completely diverse.[6] *See* discussion, *infra*.

b) <u>Diversity of Citizenship</u>

Roe further alleges that Movement failed to allege the citizenship of its constituent members, and, thus, failed to establish this court's diversity jurisdiction. When, as alleged here, jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil,* 841 F.2d at 1259 (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (e.g., alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). This rule requires "strict adherence." *Getty Oil, supra*.

The citizenship of a limited liability company is determined by the citizenship of all its members. *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023). A party seeking to establish diversity jurisdiction in a suit by or against a limited liability company must specifically allege the citizenship of every member of that entity. *Id.* If members are themselves

---

("supplemental jurisdiction may be exercised over the minors' claims as well"); *Daigle v. Borden Chem., Inc.*, Civ. Action No. 03-2100, 2003 WL 22671726, at *3 (E.D. La. Nov. 7, 2003).

[6] While Movement did not discuss supplemental jurisdiction in its opposition brief, it plainly invoked supplemental jurisdiction in its Notice.

limited liability companies, partnerships, or other corporate entities, the citizenship of the constituent entities "must be traced through however many layers of [constituents] there may be." *Rodadico, Inc. v. Chesapeake Energy Louisiana Corp.*, No. 18-cv-0316, 2018 WL 3551525, at *1 (W.D. La. July 24, 2018) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009)). "A general allegation that no members[, partners, or other constituents] share citizenship with an opposing party is inadequate." *Rodadico, Inc.*, 2018 WL 3551525, at *1. Instead, the notice of removal must "*distinctively* and *affirmatively* allege[]" the citizenship of all members, partners, or other constituents. *Mullins*, 564 F.3d at 397 (emphasis in original) (quoting *Mullins v. TestAmerica Inc.*, 300 F.App'x 259, 259 (5th Cir. 2008)).

In the Notice, Movement alleged that it is "a Delaware limited liability company with its principal place of business in the State of South Carolina." Notice [doc. #1, p. 2]. Clearly, these allegations do not begin to set forth the citizenship of Movement's members. In its opposition brief, Movement disclosed that it has two "owners": Abram's Promise, Inc., a corporation "organized" in North Carolina, and Harris Covenant, Inc., a corporation "organized" in Virginia. (Opposition to M/Remand [doc. #28, pp. 4-5]). This statement does not constitute an allegation of the citizenship of Movement's members as it does not appear in a controlling pleading nor does this fully address the requirements for alleging diversity jurisdiction. Assuming that Abram's Promise, Inc., and Harris Covenant, Inc., are the only two **members**[7] of Movement, then Movement would need to provide both their states of incorporation (i.e., where they were

---

[7] Owners are not necessarily equivalent to members. Some states permit non-owner members. *See SXSW, L.L.C.*, 83 F.4th at 408. It is an on-going frustration for this Court that counsel fail to use the language required by the statute. Allegations regarding "ownership" and "organization" are not helpful to the Court when referring to corporate members of an LLC.

incorporated, not organized) **and** their principal places of business.[8]

Nevertheless, it appears that Movement can show that its members are diverse by amending its Notice. If all parties are diverse, then this court may exercise original diversity jurisdiction, 28 U.S.C. § 1332 over the claims Roe has brought on her own behalf and supplemental jurisdiction, 28 U.S.C. § 1367 over the claims she brought on behalf of ABC and DEF.

Therefore, Movement is granted leave to amend its Notice within the 14-day period for objections to the Report and Recommendation to properly allege its **members** and their citizenship.[9] If it does so, then the undersigned recommends denial of the motion to remand. If

---

[8] In cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil Corp.,* 841 F.2d at 1259.

[9] Pursuant to 28 U.S.C. § 1653,

> "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." . . . "Section 1653 'is liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of parties.'" . . . Amendments under § 1653 may occur even after the thirty-day period for removing an action under 28 U.S.C. § 1446(b) has expired. . . While courts may allow amendments under § 1653 to cure "defective jurisdictional allegations," such amendments cannot be used to cure "missing" jurisdictional allegations or procedural defects. . . . Indeed, numerous courts, including this one, have allowed amendments under § 1653 so that a party may "identify the citizenship of the members of partners of an unincorporated entity," such as an LLC, where the original notice of removal fails to do so. . . .As the Fifth Circuit explained, "[m]otions to amend under Section 1653 may be considered when 'our discretionary examination of the record as a whole establishes at least a substantial likelihood that jurisdiction exists.'"

*Damond v. Action Res., LLC,* No. CV 22-1033-BAJ-EWD, 2023 WL 5610169, at *5 (M.D. La. Aug. 30, 2023) (citations omitted); *see also Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 518 (5th Cir. 2015); *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985) (given that the pleading set forth the party's state of incorporation, the Fifth Circuit permitted amendment to cure a defective allegation of citizenship that omitted the party's principal place of business).

11

Movement fails to do so, then it is recommended that the case be remanded for lack of subject matter jurisdiction.[10]

## Conclusion

For the foregoing reasons,

**IT IS PROVISIONALLY RECOMMENDED** that Roe's motion to remand [doc. #24] be **DENIED, subject to** Movement's amendment of the Notice to properly allege diversity of citizenship within the fourteen (14) days to file objections to this Report and Recommendation. Should Movement fail to properly allege diversity of citizenship by amendment to the Notice, then,

**IT IS RECOMMENDED in the alternative** that the Motion to Remand [doc. # 24] be **GRANTED** for lack of subject matter jurisdiction on the basis that Movement has failed to establish diversity jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[10] Where, as here, a party has been permitted an opportunity to amend his pleadings to establish diversity jurisdiction and still fails to do so, dismissal (or, in this case, remand) is warranted. *See Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 12th day of February, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE