# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **CHELSEA BELCHER** | **CIVIL ACTION NO. 3:23-cv-01279** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOHNATHAN RANDALL LOWERY ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION AND MEMORANDUM ORDER

Before the undersigned is a Motion to Reopen Case, to Enforce Settlement, and for Penalty Damages for Bad Faith [doc. #190] and Motion for Hearing [doc. #199] filed by Plaintiff Chelsea Belcher ("Belcher") seeking damages against Defendants Johnathn Randall Lowery ("Lowery"), Westchester Fire Insurance Co. ("Westchester"), and Movement Mortgage LLC ("Movement") (collectively, "Defendants"). For the reasons assigned below, **IT IS RECOMMENDED** that the motion [doc. #190] be **GRANTED IN PART** AND **DENIED IN PART**. **IT IS FURTHER RECOMMENDED** that Defendants' request for sanctions be **DENIED at this time**. **IT IS ORDERED** that Belcher's Motion for Hearing [doc. #199] is **DENIED AS MOOT**.[1]

## BACKGROUND

On November 5, 2025, the parties in the instant case participated in an all-day settlement conference with the undersigned in person at the United States District Courthouse. At the

---

[1] Although the undersigned has ruled on the Motion for Hearing within a Report and Recommendation and Memorandum Order, this motion is not excepted in 28 U.S.C. § 636(b)(1)(A) and not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure. Therefore, this order issues on the date of this Report and Recommendation and Memorandum Order. Any objection/appeal must be made to the district judge in accordance with Rule 72(a) of the Federal Rules of Civil Procedure within fourteen (14) days of this date.

conclusion of this conference in the evening hours, the parties reached an agreement as to the amount of settlement to be paid by Defendants to Belcher; however, the parties agreed to finalize additional terms, such as allocation of funds, confidentiality, and non-disparagement in the days following the conference. The undersigned specifically agreed to mediate if counsel could not reach agreement on a liquidated damages provisions applicable to the non-disparagement clause. Before leaving that evening, the undersigned issued electronic minutes in the record noting that the parties had participated in good faith and reached agreement and requesting that Judge Doughty issue a sixty-day order of dismissal. [doc. #188]. Judge Doughty issued the sixty-day order of dismissal the following day, November 6, 2025. [doc. #189].

On November 12, 2025, Belcher's counsel reached out to defense counsel to inquire as to the status of the draft of the written settlement agreement. [doc. #190-1, 193-1]. Lowery's counsel responded that his edits had been completed and the draft agreement had been forwarded to counsel for the other Defendants for revision. [doc. #190].

On December 12, 2025, Belcher filed the instant motion, seeking to reopen the case, to enforce the settlement, and for penalties to be ordered to be paid by Defendants to Belcher. *Id*. Belcher asserts that Defendants failure to make payment of the agreed upon settlement amount was a violation of Louisiana Revised Statute § 22:1892 which constituted a breach of the duty of good faith. *Id*. Belcher alleges that the settlement was "reduced to writing" in the minutes entered by the Court on November 5, 2025, commencing a thirty-day window during which Defendants were required to make payment. *Id*. Because payment was not made before the thirty days elapsed, Defendants "completely abandoned" the settlement agreement, which is "clearly bad faith." *Id*. Belcher asserts that Defendants' violation of Louisiana law entitles her to penalties of fifty percent the settlement amount plus reasonable attorney's fees and costs.

2

On January 2, 2026, each of the Defendants filed oppositions to Belcher's motion. [docs. #192, 93, 94].[2]  Lowery was the first to file his Opposition to Belcher's motion. [doc. #192]. Lowery argues that Belcher's motion breached a material term of the settlement, the confidential nature of the settlement amount, by explicitly referencing the amount in her motion which was on the public record.[3]  *Id.*  Next, Lowery asserts that the demand for penalties under Louisiana law is improper, as the parties had not yet reduced the settlement agreement to writing.  *Id.* Lowery argues that the minutes created by the Court did not explicitly document the terms of the settlement agreement and cannot, therefore, be considered a written agreement to begin the thirty-day timeline.  *Id.*  Lowery notes that the case Belcher primarily relies upon, *Fruge v. Classic Communications, Inc.*, is distinguishable from the instant case because the terms of the settlement agreement here were not read on to the record.  *Id.*  (citing *Fruge v. Classic Comm'ns, Inc.*, 893 So.2d 222, 226 (La. App. 3 Cir. 2/2/05)).  Finally, Lowery notes that Belcher made no concerted effort to resolve the issue prior to filing her motion.  *Id.*

Next, Westchester filed its Opposition to Belcher's motion.  [doc. #193].  Westchester echoed several of the arguments put forth by Lowery, namely that the thirty-day time period had not begun as the agreement was not yet reduced to writing.  *Id.*  Additionally, Westchester asserted that payment of the settlement amount without proper allocation documentation would have opened expose Westchester to additional liabilities which, at the very least, demonstrates any delay in payment was not an act of bad faith.  *Id.*  Finally, Westchester asserts that this court

---

[2] Defendants raise several of the same arguments in their oppositions.  The Court will address each of their oppositions generally as they were docketed, but noting the overlapping arguments.

[3] Upon review of Belcher's motion, on December 19, 2025, the undersigned instructed that the motion, as well as responsive briefs, be sealed.

does not have the jurisdiction to award any bad faith penalties as the claim would constitute an "entirely separate cause of action" which was not pled in the original litigation. *Id.*

Movement filed an opposition, arguing again that the agreement had not yet been reduced to writing and the motion itself was a violation of agreed confidentiality. [doc. #194]. Movement additionally asserted that Belcher was not acting in good faith when she filed her motion as she had made minimal efforts to assist in the drafting of the agreement or even contacting Defendants to determine the timeline of the agreement. *Id.*

On January 5, 2026, Belcher filed her reply. [doc. #195]. She argues that Defendants have admitted they did not send a draft of the settlement agreement until the thirty-day time limit had already elapsed, which constitutes an admission of bad faith. *Id.* Belcher asserts that the Defendants have also admitted that the material terms of the agreement were outlined and agreed to.

Accordingly, the matters are now ripe.

## LAW AND DISCUSSION

### I.   Jurisdiction

At least one of Defendants raised the issue of whether this Court has jurisdiction to hear Belcher's motion, and the Court must consider that issue first. Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). No federal statute "gives federal courts jurisdiction to hear a claim for breach of an agreement merely by virtue of the fact that part of the consideration for [the agreement] was dismissal of an earlier federal suit." *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002) (citations omitted). "Enforcement of [a] settlement agreement . . . is more

4

than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.  A court may exercise its ancillary jurisdiction to enforce a settlement agreement if it explicitly retains jurisdiction over the agreement or incorporates the agreement in its dismissal order.  *Id*. at 381-82.  Otherwise, "enforcement of the settlement agreement is for state courts, *unless there is some independent basis for federal jurisdiction.*"  *Id*. at 382 (emphasis added).

The undersigned need not delve into ancillary jurisdiction.  This case was originally removed to federal court on the basis of diversity jurisdiction.  [doc. #1].  The same parties as in the lawsuit are present for Belcher's motion and remain completely diverse.  Further, the amount in controversy exceeds $75,000. Thus, this Court has jurisdiction to entertain the instant motion.

**II.       Motion to Enforce Settlement and for Penalties**

Turning now to the merits of the claim, Belcher contends that she is entitled to penalties and fees under Louisiana Revised Statute § 22:1892 which provides, in pertinent part:

> [f]ailure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor . . . within thirty days after receipt of satisfactory proofs of loss of that claim . . . or failure to make such payment within thirty days after written agreement or settlement . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured . . . as well as reasonable attorney fees and costs.

La. R.S. § 22:1892(B)(2).  At the outset, the parties agree that the penalty statutes at issue impose penalties on insurers, not the insured. Accordingly, Belcher's claims for penalties under § 1892 may only be assessed against Westchester for its alleged transgressions.

"A party seeking statutory penalties under [§ 1892] is required to establish that: (1) The insurer received satisfactory proof of loss, (2) the insurer failed to pay the claim within thirty

days, and (3) the insurer's failure to pay the claim was arbitrary and capricious." *Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 787 F.3d 276, 285 (5th Cir. 2015) (citation omitted).

The foregoing statute is penal in nature and, therefore, must be strictly construed. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003) (citation omitted) (discussing pre-revision version of the penalty statutes, which were numbered as §§ 22:658 and 22:1220). Liability for penalties under § 1892 requires proof that the insurer's failure to pay was "arbitrary, capricious, or without probable cause" or not based on a good faith defense. *Id*. "A refusal to pay the full amount claimed will not be arbitrary and capricious when the dispute has a good faith basis." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 299 (5th Cir. 2009). Belcher points out that one of the way an insurer violates its statutory duty is by knowingly committing a failure "to pay a settlement within thirty days after an agreement is reduced to writing." LA. R.S. § 1892(I)(2)(b). Regardless, however, Belcher must establish that the agreement was "reduced to writing." *Id.*

In Louisiana, settlement agreements, which are also known as compromise agreements, are governed by Louisiana Civil Code articles 3071-3078. Louisiana Civil Code article 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." "According to the cited civil code articles and jurisprudence, for a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents." *City of Baton Rouge v. Douglas*, 984 So. 2d 746, 749 ( La. App. 1 Cir 02/08/08); *see also Sullivan v. Sullivan*, 671 So.2d 315, 317-318 (La. 1996); *Suire v. Lafayette City-Parish Consolidated*

6

*Government*, 907 So. 2d 37 (La. 4/12/05); *Trahan v. Coca Cola Bottling Co. United*, 894 So.2d 1096, 1104 (La. 3/2/05).

A compromise agreement, like other contracts, is the law between the parties and must be interpreted according to the true intent of the parties. *Suire*, 907 So.2d at 55; *Trahan*, 894 So.2d at 1106. The party attempting to rely on the existence of a compromise agreement "bears the burden of proof to show that the requirements for a valid compromise are present." *Id.* Recital of agreements in open court must make full disclosure of the terms, so that all parties involved are fully appraised of their rights and obligations. *Abadie v. Metropolitan Life Insurance Company*, 712 So.2d 932, 934, 97-932 (La. App. 5 Cir. 4/9/98). Furthermore, a "compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached." *Id.*; *see also Onstott v. Certified Capital Corporation*, 950 So.2d 744, 746 (La. App. 1 Cir. 11/3/06)(reciting the court's earlier finding that a settlement agreement was unenforceable because there was "no meeting of the minds as to the rights and obligations of the parties under the terms of the agreement").

Belcher argues that the Court's minute entry is sufficient to show that settlement had been reached and that the agreement had been "reduced to writing." The undersigned disagrees. Louisiana courts have held, repeatedly, that while the inclusion of a settlement in the record may constitute a writing to satisfy 3071, it still requires inclusion of all "essential elements of the parties agreement" to be enforceable. *Kee v. Cuco's, Inc.*, 618 So. 2d 12, 14 (La. Ct. App. 1993); *see also Yaukey v. Teachers Ins. Co.*, No. 07-291, 2009 U.S. Dist. LEXIS 41743 (E.D. La. May 1, 2009) (holding a settlement agreement entered into in open court could not have been considered reduced to writing for the purpose of imposing penalties until the full transcript of the settlement agreement was entered into the record); *Batson v. S. La. Med. Ctr.*, 724 So.2d 782,

7

789 (La. App. 1 Cir. 9/25/98) (holding that settlement agreement entered into in open court was not reduced to writing until written transcription was entered into the record); *but see Fruge*, 893 So.2d at 226 (holding that settlement agreement was reduced to writing when it was entered into in open court). Notably, oral agreements are enforceable in federal court, but only to the extent that the parties reached agreement.

Regardless, the terms of this settlement were not entered into the record in any capacity. *None* of the terms were in the minute entry. [doc. #188]. The minute entry merely noted that the parties had reached a settlement. *Id*. Further, a complete agreement was not reached between the parties at the conference. While the parties did agree on a figure to be paid to Belcher in return for settlement of her claims against Defendants, the allocation of that amount, the full terms of a confidentiality provision, and the full terms of the non-disparagement provision were not finalized. The undersigned even offered to meet with the parties a *second* time should they reach an impasse as to the liquidated damages provision on the non-disparagement clause. Given these facts, there were not sufficient terms agreed upon by the time the parties parted on November 5, 2025, to constitute a full agreement nor had that agreement been reduced to writing. Thus, there is no final settlement which this Court would be able to enforce, and any applicable thirty-day period never commenced to run.

Additionally, to the extent that Belcher asserts that Defendants acted in bad faith by not having the final terms prepared and paying the settlement within thirty days, the Court finds that this is meritless. As noted in multiple Defendants' briefs, Belcher made no attempt to create the final settlement agreement or convey to Defendants her intention to move for sanctions in the event the settlement amount was not paid within a certain time frame. The language and terms of the final settlement agreement had to be approved by three separate Defendants, each of

8

whom was represented by different counsel, *then* by Belcher.  An expectation that such an agreement could be drafted, approved, and a settlement paid out within thirty days[4] of the date of settlement is unreasonable at best.[5]

Accordingly, **IT IS RECOMMENDED** that Belcher's Motion to Enforce Settlement and Motion for Penalty Damages be **DENIED**.

### III.    <u>Motion to Reopen</u>

Next the Court looks to Belcher's Motion to Reopen.  Belcher filed her Motion to Reopen just over thirty days after the entry of that Order.  [doc. #190].  Because the settlement has not yet been consummated, the parties must show good cause to reopen the action.  *Id.*  Given that terms have been delivered to Belcher which have been approved by Defendants, it would seem that the parties may be able to reach a good faith agreement as to the remaining provisions of the settlement.  However, no good cause has been shown to justify reopening this case to allow the parties to continue to litigate the merits of Belcher's claim.

Accordingly, **IT IS RECOMMENDED** that the Motion to Reopen be **GRANTED** for the limited purpose of granting the parties to sixty additional days to reach a final agreement.

<u>CONCLUSION</u>

For the reasons above assigned reasons,

---

[4] The Court additionally takes judicial notice that these thirty days included more than one holiday: Veteran's Day and Thanksgiving.  While this would not excuse true bad faith delay, certainly these holidays, particularly the Thanksgiving holiday, further support the unreasonable nature of Belcher's apparent expectations and subsequent filings in this Court.

[5] Defendants suggest that Belcher and her counsel have acted in bad faith in an attempt to increase the overall amount of settlement through a penalties award (of one half of the total settlement amount).  While the Court is not recommending sanctions at this time, the undersigned cautions counsel against filing this type of motion in the future where, as here, it is clear that the parties should have been able to resolve any remaining issues amongst themselves, other than the limited offer I made at the conclusion of the hearing.

9

**IT IS RECOMMENDED** that the motion [doc. #190] be **GRANTED IN PART** AND **DENIED IN PART.  IT IS RECOMMENDED** that the Motion to Enforce Settlement and Motion for Penalty Damages be **DENIED**.

**IT IS FUTHER RECOMMENDED** that the Motion to Reopen be **GRANTED** for the limited purpose of granting the parties sixty more days to finalize the terms of the settlement agreement.

**IT IS FURTHER RECOMMENDED** that, to the extent that Defendants have requested sanctions in their oppositions, that the requests be **DENIED.**

Given that the undersigned has produced a Report and Recommendation on the pending Motion to Enforce Settlement [doc. #190] **IT IS ORDERED** that Belcher's Motion for Hearing [doc. #199] is **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 24th day of June, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE